IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CORY BRUCE and AMANDA BRUCE,
Plaintiffs,

vs.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY; DORSEY & DORSEY, INC., d/b/a A-AUTO AND HOME INSURANCE,
Defendants.

Case Number CIV-13-1010-C

**MEMORANDUM OPINION AND ORDER**

On April 15, 2012, Plaintiffs' home was damaged by a tornado. Following that incident, Plaintiffs made a claim for coverage with their homeowner's insurance company, Defendant Travelers. After the parties were unable to reach agreement on the extent of the damage, Plaintiffs filed the present action in the District Court of Woodward County, Oklahoma, raising claims against Defendant Travelers for breach of contract and bad faith, and claims against Defendant Dorsey & Dorsey, Inc., d/b/a A-Auto and Home Insurance ("A-Auto") for negligence in procurement of insurance, constructive fraud and negligent misrepresentation, and breach of fiduciary duty. The state court Petition was filed on November 28, 2012. On August 28, 2013, Defendant Travelers deposed the Plaintiffs. Based on testimony offered in that deposition, Defendant Travelers removed this action, asserting that the claims against A-Auto were fraudulently made and therefore diversity of jurisdiction existed.

Plaintiffs now seek remand, arguing the Court lacks subject matter jurisdiction, as Defendant A-Auto is a citizen and resident of Oklahoma. Defendant Travelers objects, arguing that because the joinder of A-Auto was fraudulent, it is disregarded and there is complete diversity among the remaining parties.

To establish that the removal was proper, Defendant must demonstrate that the joinder of A-Auto was fraudulent.

> "To prove their allegation of fraudulent joinder [removing parties] must demonstrate that there is no possibility that [Plaintiffs] would be able to establish a cause of action against them in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.*"

Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992)) (emphasis in original).

Defendant argues that based on the deposition testimony of Plaintiffs, it is clear that no claim against A-Auto can be made. In reaching this conclusion, Defendant argues the claim for negligence in the procurement of insurance cannot survive because A-Auto obtained for Plaintiffs a replacement cost policy as they requested. However, review of the allegations in the state court Petition show they are much broader than argued by Defendant in its Notice of Removal. Plaintiffs' allegations include assertions that they relied upon A-Auto both in the past and for the transaction relevant here. According to Plaintiffs' Petition, A-Auto stated they needed replacement coverage and they agreed. According to Plaintiffs, despite A-Auto's recognition of the coverage needed and the promise to provide that coverage, when they

suffered a loss the insurance did not perform as promised. On these grounds, Plaintiffs brought the above referenced allegations against A-Auto. Plaintiffs' deposition testimony does not clearly contradict these allegations.

Oklahoma law provides that "an insurance agent may be liable under either contract or tort theories for failure to obtain insurance." Swickey v. Silvey Cos., 1999 OK CIV APP 48, ¶ 8; 979 P.2d 266, 268. An insurance agent has a duty "to exercise reasonable care and skill in performing its tasks, i.e. procuring insurance," and may be "liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." Id., ¶ 13, 979 P.2d at 269.

Given the factual allegations by Plaintiffs in their Petition and this clear statement of Oklahoma law, it cannot be said that Plaintiffs could prove no set of facts which would entitle them to relief. Whether or not Plaintiffs are able to ultimately prevail on their claims, or whether or not Oklahoma law will reach those claims, are not issues for decision at this stage. Indeed, as the Tenth Circuit recognized, the objective is not to pre-try the merits of Plaintiffs' claims as "'[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.'" Brazell v. Waite, 525 F.App'x 878, 881 (10th Cir. 2013) (unpublished) (quoting Batoff v. State Farm Ins. Co., 977 F.2d 848, 853 (3d Cir. 1992)).

In short, Plaintiffs' claims against Defendant A-Auto are neither a sham nor a fraudulent device designed solely to prevent removal. Consequently, Defendant Travelers has failed to establish by clear and convincing evidence that the joinder of Defendant A-Auto was

fraudulent. Hart v. Wendling, 505 F. Supp. 52, 53 (W.D. Okla. 1980). Therefore, complete diversity does not exist and this Court lacks subject matter jurisdiction to consider the matter further.

Plaintiffs request attorney fees and costs based on Defendant's improper removal. Plaintiffs' request is governed by 28 U.S.C. § 1447(c). Section 1447(c) provides, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As the Tenth Circuit has stated, "[i]n deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal." Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 322 (10th Cir. 1997) (citing Daleske v. Fairfield Communities, Inc., 17 F.3d 321, 324 (10th Cir. 1994)). Further, the Circuit has made clear that there is no requirement of bad faith prior to awarding attorney fees. Here, the Court finds that Defendant's removal had an objectively reasonable basis. While the Court determined the removal was improper, it cannot be said that it lacked a reasonable basis. Accordingly, Plaintiffs' request for attorney fees and costs is denied.

Accordingly, Plaintiffs' Motion to Remand (Dkt. No. 12) is GRANTED. The Court Clerk shall take the necessary steps to remand this matter to the District Court of Woodward County, Oklahoma, as soon as possible.

IT IS SO ORDERED this 25th day of November, 2013.

ROBIN J. CAUTHRON
United States District Judge